UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLARENCE BURNETTE AND ELLEN BURNETTTE, Husband and Wife, | : : : : |
| Plaintiffs, | : : **OPINION** : : Civ. No. 11-04665 (WHW) |
| v. | : : |
| ADAM R. CHEUNG and MALCOLM A. CHEUNG, John Doe 1-5, Mary Doe 1-5 and/or Doe Corporation 1-5 | : : : : |
| Defendants. | : |

**<u>Walls, Senior District Judge</u>**

Plaintiffs Clarence Burnette and Ellen Burnette, husband and wife, filed this diversity action subsequent to filing the same action in state court. The cause of action arose out of injuries Clarence Burnette suffered from a car accident caused by defendant Adam R. Cheung. Defendants move to dismiss this action under Federal Rule of Civil Procedure 12(c) alleging that this suit was filed after the two year statute of limitations had run. Pursuant to Fed. R. Civ. P. 78 the motion is decided without oral argument. Defendants' motion to dismiss is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Clarence Burnette was a passenger in a vehicle that collided with a vehicle driven by Adam R. Cheung on August 4, 2009, in Randolph Township, New Jersey. Compl. 1-2. The vehicle operated by Adam R. Cheung at the time of the accident was owned by defendant Malcolm A. Cheung. <u>Id.</u> at 2. As a result of the car accident, Clarence Burnette sustained permanent injuries which impeded his daily routine. <u>Id.</u> Ellen Burnette, Clarence's wife, claims

that as a proximate result of her husband's injuries she was deprived of his "services, consortium, and companionship" and as a consequence is entitled to a remedy. Id.

Plaintiffs filed a timely action in New Jersey state court regarding their claims against the defendants on July 28, 2011. Mot. to Dismiss 2. On August 12, 2011, plaintiffs filed this suit, an identical suit to the state court case, based on the diversity of citizenship of the parties; plaintiffs are residents of North Carolina and defendants are residents of New Jersey. Id. This suit was filed eight days after the statute of limitations had expired on August 4, 2011, two years after the accident had occurred on August 4, 2009. Id.

The defendants also filed an answer to the complaint in order to give plaintiffs time to contemplate filing a voluntary dismissal. Id. at 4. On February 17, 2012, defendants sent a good faith letter to plaintiffs requesting a voluntary dismissal by February 23, 2012, to avoid the necessity of motion practice. Id. Plaintiffs did not respond to the letter. Id. Defendants now move to dismiss plaintiffs' complaint by a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). See Mot. to Dismiss. Plaintiffs contend this action was timely because the state court action was filed within the appropriate statute of limitations. See Opp'n to Mot. to Dismiss 1-2.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The pleadings are "closed" after the complaint and answer are filed, along with any reply to additional claims. Arnold v. New Jersey, 03-cv-3997, 2007 WL 1381757, at *2 (D.N.J. May 9, 2007) (citations omitted).

"Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a

matter of law." Bayer Chemicals Corp. v. Albermarle Corp., 171 Fed. App'x 392, 397 (3d Cir. 2006) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988) (citations and quotations omitted)).

"The standard applied to a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is similar to that applied to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Haynes v. Metropolitan Life Ins. Co., 94 Fed. App'x 956, 958 (3d Cir. 2004) (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). "In reviewing the grant of a Rule 12(c) motion, [the court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Bayer, 171 Fed. App'x at 397 (quoting Jablonski, 863 F.2d at 290-91 (citations and quotations omitted)). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." Bayer, 171 Fed. App'x at 397 (quoting Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)). Moreover, as with a Rule 12(b)(6) motion, in deciding a Rule 12(c) motion, the court generally does not consider matters outside the pleadings. Mele v. Federal Reserve Bank of New York, 359 F.3d 251, 257 (3d Cir. 2004). The court may consider matters of public record, orders, and exhibits attached to the complaint. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also Lo Sacco v. City of Middletown, 745 F.Supp. 812, 814 (D. Conn. 1990); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004).

## DISCUSSION

**I.  Plaintiffs failed to file a timely suit in federal court under the New Jersey statute of limitations period**

In cases where a federal court is sitting in diversity the result in federal court should be "substantially the same" as if the suit were brought in state court. Guar. Trust Co. of N.Y. v.

York, 326 U.S. 99, 109 (1945).  As a result, a federal court sitting in diversity, pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), generally applies "the relevant state's substantive law, which includes its statute of limitations." Jaworowski v. Ciasulli, 490 F.3d 331, 333 (3d Cir. 2007) (citing Dixon Ticonderoga Co. v. Estate of O'Connor, 248 F.3d 151, 160 (3d Cir. 2001)).  In New Jersey, the statute of limitations for a personal injury suit is two years. N.J. STAT. ANN. § 2A:14-2 (West 2004).  Personal injury suits must be commenced within state or federal court up to two years after the cause of action. See id.

  Plaintiffs in support of their argument that this suit should not be barred have cited cases in which the statute of limitations period was determined by rules pertaining to cases removed to federal court or transferred to federal court by stipulation. See New Jersey Mfrs. Ins. Co. v. United States, 07-cv-2653, 2008 WL 2168006 (D.N.J. May 22, 2008) (finding that the statute of limitations is based on the date a suit is filed in state court prior to removal); Mitchell v. Joseph's Supermarkets, Inc., 712 F. Supp. 59, 65 (W.D. Pa. 1989) (holding that when an action is timely commenced in state court and it is removed to federal court after the statute has run the action is not time barred); Tabacalera Cubana, S. A. v. Faber, Coe & Gregg, Inc., 379 F. Supp. 772, 774 (S.D.N.Y. 1974) (stating that when a state court action is transferred to federal court by stipulation the statute of limitations for additional claims in an amended complaint relate back to the date of the original pleading).  These cases are not applicable here because this suit was not removed to federal court. See Reply to Mot. to Dismiss.  This was an independent action in federal court initiated by the plaintiff. See id.; Compl.  Plaintiffs' complaint can be dismissed for this reason alone. See N.J. STAT. ANN. § 2A:14-2 (West 2004).

**II. Alternative grounds for relief**

In the alternative, defendants also contend that the (1) plaintiffs' complaint can be dismissed under the Colorado River abstention doctrine because there are two parallel pending actions in federal and state court, see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), or (2) because plaintiffs failed to serve the defendant within 120 days after the complaint was filed pursuant to Fed. R. Civ. P. 4(m). Mot. to Dismiss 2.  Analysis of these arguments is not necessary because this suit can be dismissed solely on the basis of the plaintiffs' failure to begin this suit within New Jersey's two year statute of limitations period.

## CONCLUSION

Defendant Adam R. Cheung and Malcolm A. Cheung's motion to dismiss is granted.


                                                          s/ William H. Walls
                                                          United States Senior District Judge